## THE STATE *v.* LIGHTON *et al.*

In a joint prosecution against two persons for uttering counterfeit money, separate bail was given by defendants; a default was entered against them, and a *scire facias* issued against them and their sureties in the recognizance; held that the court erred in rejecting part of the record entries offered by the state, to show that the defendants were in default, and had forfeited the conditions of the bail bonds; held also that the record in such a proceeding is an entirety; that the proceeding is joint and several, and the taking of separate bail, would not, under the joint record, be inadmissible.

A petition is not necessary for a *scire facias*, when the record of the case and the *scire facias* are in the same court.

### *Appeal from Wapello District Court.*

*Opinion by* HALL, J.  Isaac Burton and John Gable were arrested on a warrant issued by James Baker, a justice of the peace for Wapello county, charged by the complainant, John Bowrievu, with the crime of passing counterfeit money.  The complaint was made on the 13th of October, and an examination was had on the 14th of October, 1852.  The evidence was all reduced to writing. The justice decided that the offense charged had been committed, and that there was sufficient cause to believe that the defendants were guilty, and he accordingly rendered the indorsement required by the Code, § 2872, and in the

form there prescribed. The defendants then severally gave bail; Lighton and Given becoming bail for Burton, by which they acknowledged themselves indebted to the state of Iowa in the sum of $200, condition that Burton should appear at the next term of the district court for Wapello county on the first day of the term, and not depart without leave, and abide the judgment of the court, and answer to the charge of uttering counterfeit money.

Gable gave similar bail. The justice returned all the papers and proceedings to the district court.

At the April term of the court, 1853, it being the next term after the examination, the grand jury of Wapello county, returned a true bill of indictment against Gable and Burton for uttering counterfeit money. Thereupon the defendants were called, and not appearing to answer the indictment, a default was entered against them, and a *scire facias* ordered against the bail. The record entry made by the court, in defaulting the defendants, entitles the case; "*The State of Iowa* v. *Isaac Burton* and *John Gable*," following the indictment. At the August term, 1853, a *scire facias* was issued against the defendants and their bail, and served on Lighton and Given. After an amendment, issue is taken upon the allegations, in which they deny that any indictment was found, or any default entered by the court, &c.

On the trial, the prosecuting attorney introduced, on behalf the state, the entire proceeding had before the justice, as returned to the district court; the indictment found by the grand jury, and then offered the record of the district court, as appears in the journal entries; also the entry and act of the court, showing that the defendant had made default and forfeited his undertaking on the bail bond.

To this, the defendants objected, and the objection was sustained, and the court refused to admit the record in evidence, to show that the bail was forfeited. To which

ruling, the plaintiff objected, and assigns for error this ruling of the court.

It is difficult to see upon what grounds the court below excluded this portion of the record. As a matter of convenience, probably, the prosecuting attorney, on the trial below, offered this record in evidence in parcels; first, the proceedings returned by the justice; second, the indictment; third, the journal entry; and hence the court let some parts go in evidence, and excluded other parts. But the record is an entirety. For the purpose of this trial it was all good or all bad. It must be taken as a whole, and if, when construed together, it fixed a cause of action, and proved the allegations in the *scire facias*, a judgment should have been rendered for the plaintiff. No other defense could be made to this record than to any other judicial proceeding that appears of record. The answer is substantially *nul tiel record*, and all the court could do was to decide whether there was such a record or not.

It would seem that the court below entertained the opinion, that inasmuch as the defendants, Burton and Gable, separated in giving their bail, and entered into separate undertakings, that the record should have shown a separate and distinct forfeiture against each defendant, and that inasmuch as the record offered in evidence shows that they were both called at the same time, and treated as joint defendants, that it did not meet the averment in the *scire facias*, that the defendant, Burton, was called. This view is certainly not correct. With few exceptions, when two or more are charged with a public offense, the charge is necessarily joint and several. In all cases where the offense can be committed by one person, this is the case. The offense charged against Gable and Burton was joint and several; one or both could be convicted. The entire prosecution, with the mere exception of taking bail, has been joint and several against them. They stood together in court, and the bail was given with reference to a joint and several prosecution against them, and it is impossible

to conceive how the securities could be prejudiced in any degree by the form adopted by the court in recording the fact that both defendants, in the place of one, had failed to appear and answer the charge, as they were bound to do. How the fact was less true that Burton made default, because in the same entry it shows that his co-defendant also made default, is certainly strange.

The counsel for the defense, in his argument, attempted to avoid the direct error of the court by assuming:

1. That there being no petition filed, there was no suit pending.

2. That there was a variance between the *scire facias* and the recognizance offered in evidence.

3. That the undertaking of the bail is void. 1. Because it does not show that the justice had jurisdiction. 2. That it does not show that there was probable cause, and that the offense charged had been committed; that the defendants were required to give bail; that the bail was properly acknowledged, &c.

To this argument we reply:

1. That no petition is required. The record upon which the *scire facias* is based, remaining in the same court with the *scire facias*, constitutes the petition.

2. That the proceedings returned by the magistrate to the district court, show substantially all these facts, and the bail is but a part of them. The Code does not contemplate that everything shall be recited in the undertaking of bail.

Judgment reversed.


*J. C. Knapp*, for the State.

*Wm. Penn Clarke*, for appellees.
19*